RECEIVED
AUG 2 8 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **MICHAEL PASSERRELLO** | : | **DOCKET NO. 3:09-1916** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **JEREMY LOVELL SUMNER, ET AL** | : | **MAGISTRATE JUDGE HAYES** |

### MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment" (R. #32) filed by defendant, Danny McGrew, the former sheriff of Morehouse Parish, wherein, Sheriff McGrew moves to have all claims made against him dismissed from the instant lawsuit pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff opposes the motion. For the following reasons, the motion will be granted dismissing all claims against Sheriff McGrew.

### FACTUAL STATEMENT

Defendant, Jeremy Sumner, was a part-time volunteer reserve mounted deputy with the Morehouse Parish Sheriff's Office. On November 18, 2008, plaintiff attempted to shoplift a DVD player from Wal-Mart. Sumner, who was not on duty, nor in uniform, approached plaintiff and threatened to charge him with theft. Sumner made plaintiff get into his personal vehicle and told him that if plaintiff would perform oral sex on him, Sumner would let plaintiff go. Plaintiff performed the oral sex and Sumner released plaintiff.

Plaintiff has filed suit pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for alleged violations of his constitutional rights. Plaintiff further asserts state law claims.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving

---

[1] Fed. R.Civ. P. 56(c).

[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[3] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[4] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[5] Anderson, 477 U.S. at 249.

[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

## LAW AND ANALYSIS

Plaintiff has sued defendant, McGrew in his official capacity[9] pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988. To state a claim under §1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or the laws of the United States; and (2) demonstrate that the alleged deprivation was committed by a person acting under the color of state law.[10]

McGrew maintains that all claims against him should be dismissed because plaintiff has failed to identify any specific policy that served to violate plaintiff's constitutional rights and because plaintiff has failed to assert that McGrew had any personal involvement in the acts alleged in the lawsuit to bring a proper individual-capacity claim. McGrew further maintains that he cannot be held liable under any theory of vicarious liability because plaintiff has failed to satisfy the necessary elements for this state law claim.

*Official capacity federal claims*

---

[7] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[8] Anderson, 477 U.S. at 249-50.

[9] Plaintiff concedes that he is suing Sheriff McGrew only in his official capacity. Opposition Memorandum, R. #44, p.4.

[10] Randolph v. Cervantes 130 F.3d 727 (5th Cir. 1997); Piotrowski v. City of Houston, 51 F.3d 512 (5th Cir. 1995); Lefall v. Dallas Indep. School District, 28 F.3d 521, 525 (5th Cir. 1994).

Plaintiff has sued Sheriff McGrew in his official capacity. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent."[11] An official-capacity claim against Sheriff McGrew is in reality a claim against the local governmental body itself.[12] "A supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights."[13]  Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation."[14]

> In order to hold a municipality or local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege than an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue, or that [his] injuries resulted from the execution of an official policy or custom.  The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.[15]

"A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity."[16]

---

[11] Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999).

[12] Glasper v. Guzman, 2009 WL 1507568 *6 (E.D. La. May 27, 2009).

[13] Alton v. Texas A&M University, 168 F.3d 196, 200 (5th Cir. 1999).

[14] Douthit v. Jones, 641 F.2d 345, 346 (5th Cir. 1981).

[15] Spiller v. City of Texas City Police Dept. 130 F.3d 162, 167 (5th Cir. 1997)(citations omitted).

[16] Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993).

Plaintiff concedes that Sheriff McGrew was not personally involved in the incident that is the subject of this lawsuit and that he is suing sheriff McGrew in his official capacity only.[17] Plaintiff argues that because Jeremy Sumner, in his deposition, cannot remember the training he received, that this somehow transforms into a custom or policy that violates plaintiff's constitutional rights. Plaintiff further argues that because Sumner has no recollection of his training and /or Sheriff McGrew submitted as summary judgment evidence an unsigned policy, that the sheriff was indifferent to the training of his auxiliary deputies.

The court must determine if there is an unconstitutional custom or policy in place that led to the alleged constitutional violation. Sheriff McGrew maintains that plaintiff has failed to identify any specific policy that served to violate his constitutional rights; plaintiff summarily alleges that defendant failed to properly discipline and train, and/or failed to take adequate precautions when hiring personnel and failed to establish and ensure a system for dealing with complaints. **Plaintiff has failed to establish that there was a policy, practice and/or custom that was the driving force and/or that was causally connected to the incident that is the subject matter of this lawsuit.**

The court finds that plaintiff has failed to establish a custom or policy that led to plaintiff's allegations of a constitutional violation. Accordingly, the § 1983 claims against defendant, Sheriff McGrew will be dismissed.

*State law claims*

The remaining claims involve state law vicarious liability claims. Louisiana Civil Code article

---

[17] R. #44, p. 4.

2320 provides that an employer can be liable for damages caused by his employee if, at the time, the employee was acting within the course and scope of his employment. Factors to be considered include: (1) whether the tortious act was primarily employment rooted, (2) whether the act was reasonably incidental to the performance of the employee's duties, (3) whether the act occurred on the employer's premises, and (4) whether it occurred during the hours of employment.[18]

---

[18] LeBrane v. Lewis, 292 So.2d 216 (La. 1974).

The following facts are undisputed. Sumner was a part-time volunteer and reserve Morehouse Parish Sheriff's deputy. On the date of the incident, he was not on duty, he was not performing off duty work, he was not in uniform. The incident took place in a Wal-mart parking lot; Sumner was not working as additional security for a private company. The court finds that the tortious act was not primarily employment rooted, not incidental to the performance of Sumner's duties, did not occur on the employer's premises,[19] and did not occur during the hours of employment. Accordingly, we find that plaintiff's state law claims against Sheriff McGrew are without merit and must be dismissed.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted, dismissing with prejudice all state and federal claims against defendant, Sheriff Danny McGrew.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 28th day of August, 2013.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[19] Or where the employee normally worked which was at sporting events.